■ In the Matter of WILLIS & BROWN, INC., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Determination of the State Liquor Authority canceling petitioner's retail liquor store license, unanimously annulled, on the law, and the matter remanded to respondent with a direction to reinstate the license, without costs. The record fails to establish the charge that the licensee permitted another to avail himself of the license within the meaning of section 111 of the Alcoholic Beverage Control Law and the determination herein is not supported by substantial evidence. The attorney's presence at the licensed premises was an incident of and consistent with legal measures to salvage a secured loan, the making and validity of which is undisputed. Concur — Botein, P. J., Rabin, McNally, Eager and Steuer, JJ.

■ ADDO MACHINE COMPANY, INC., Plaintiff, v. WESTERN CARLOADING Co., INC., Defendant and Third-Party Plaintiff-Appellant. ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, Third-Party Defendant-Respondent.— Order, entered June 17, 1964, and judgment entered thereon, unanimously modified, on the law and the facts, and in the exercise of discretion, to give the third-party plaintiff the right to replead within 20 days after service upon it of a copy of the order entered hereon, with notice of entry, and order and judgment otherwise affirmed, with $50 costs to respondent. As pointed out at Special Term, the third-party plaintiff has no cause of action against the third-party defendant based on the Carmack Amendment (Interstate Commerce Act, U. S. Code, tit. 49, § 20), and also the third-party complaint does not state a cause on the theory of common-law liability. While it is not clear that the plaintiff has a cause of action on such theory, counsel for the defendant stated upon the argument that he would not oppose the granting of leave to replead. Accordingly, such leave is granted. Concur — Botein, P. J., Rabin, McNally, Eager and Steuer, JJ.